In The United States District Court For The
Middle District of Alabama

Timothy J. Richards
State of Alabama et-al, Warden, Holt       RECEIVED    Case #: CC-99-020.61

                                                        2:07 CV 995-MEF

"Brief In Support of Habeas Corpus Petition" pursuant,
        28 U.S.C.    2254    2007 NOV -7 A 9:46
                            DEBRA P. HACKETT, CL.
                            U.S. DISTRICT COURT
                            MIDDLE DISTRICT ALA

This is the brief in support of application for Habeas Corpus of Petitioner (Timothy J. Richards), pro-se. The Petitioner is unlawfully incarcerated and in custody at Kilby Correctional facility, Mt. Meigs, Alabama. The state's prosecutor used Perjured testimony and unlawful actions to charge an innocent individual with both Murder 13A-6-2 Code of Ala. (1975) and Capital Murder 13A-5-40(a)(14), Code of Ala.(1975). The Petitioner is actually innocent and fulfilled none of the essential elements of the Murder statue.

                                                    As follows,

                    - Case History -

(A) Petitioner was arrested on March 13th 1998 for Murder 13A-6-2.
   Petitioner cooperated fully with police.

(B) Petitioner was arrested a second time on February 4, 1999 for Capital Murder 13A-5-40(a)(14). Indictment based upon Policeman's Perjured testimony.
   Police renewed aggression and tactics but no evidence to support indictments.

(C) The State violated statues of 15-8-90 and 15-8-91 in the reindictment of Capital Murder 13A-5-40(A)(14).

(D) Attorney of record failed the requirements to comply with 13A-5-54 Code of Ala., and advised Petitioner to change his statement adding erroneous information.
   No preparation for trial was discussed and no investigation or witnesses sought by the attorney of record (Ronald Sandlin). He exerted constant pressure to bring about a plea with all energy focused on assisting the prosecutor.

Issue (A) <u>Ground #1 - Conviction obtained by use of coerced confession</u>

Police officer (Joey Vick) interviewed Petitioner and told him plainly, "you don't need a lawyer," you only need to cooperate. The Miranda rights were never read until after a statement was secured. The statement given was under "Duress" and in the intentions of helping my wife (Shonda Richards). I gave false statements to police to try to lessen guilt of my wife. I knew we had a son together and this would devastate us as a family. The investigator Joey Vick, was not interested in the "Truth", but wanted to manufacture a statement of his own and me just agree and sign it. This officer knew I was not with Shonda at the scene of offense and infact was not in the same vehicle as she. He deliberately ignored facts that would have exhonerated me. He lead me to believe that if I helped them with information to convict her then I would go free. The victim was a former husband of Shonda's to whom she was still married. I also was a victim of Shonda's, as I was decieved by not knowing she had comitted Bigamy possibly 4 times. Investigator Joey Vick contended he only wanted to convict (Shonda McCullar Richards) for the Murder of Randy McCullar. He daily harrassed me and visited my place of employment till I was fired.

The "complaint" was not brought by a victim but by Joey Vick a policeman whom was investigating the case. He gave sworn statement to the Clerk of Court Janis F. Morgan without probable cause for arrest, his statement was unauthorized and contained perjury. The "complaint" was the product of County employees bent upon gaining publicity at election time and exceeding their proper authority.

Issue
Ground 2   Conviction obtained by a grand or petit jury unconstitutionally empaneled

Petitioner was indicted on March 27th 1998 for Murder 13A-6-2 Ala. Code of (1975). The complaint was brought by a law enforcement officer Joey Vick, who swore under oath that this Petitioner "did" intentionally cause the death of Randy McCullar by shooting him in the head with a rifle." The indicted charge 13A-6-2 was still in force when the grand jury met in Jan. term of 1999 and indicted Petitioner a second time for Capital Murder 13A-5-40(a)(14). (same victim) The same complaint was used and fails to support the indictment. There was "No" legal justification in elevating the charged offense to Capital Murder. The complaint is insufficient to allege Capital Murder or "aiding and abetting", and does not contain the material elements necessary to support indictment.* The case before this court

holds a prime example of exposing the defendant to unconstitutional actions of a Grand Jury. The Grand Jury was empanelled to consider raising charge from Murder 13A-6-2 to Capital Murder 13A-5-40 (A)(14) (See Exhibits 'A' and 'B' Indictments.) However, the complaint remained the same and the facts established another person committed the offense. Another person is convicted of the crime and currently is incarcerated on "Death Row"; Shonda Johnson, McCullar, Richards. The Complaint and Warrant from March 16, 1998 alleges Murder 13A-6-2, (Exhibit 'C'). The indictment was illegally elevated from 13A-6-2 to 13A-5-40. The first indictment was still in force when the second was found and produced. The Petitioner was arrested for "Capital Murder" while on 'bond' for "Murder". The Walker County district attorney violated clearly established Alabama law by the second indictment being found prior to quashing of first indictment. This is in violation of Statute 15-8-90 Code of Ala. (1975) and Perkins V. State, 66, Ala. 475 (1880). The Petitioner was twice put in Jeopardy for the same offense constituting "double jeopardy" Allred V. State, 393, So. 2d. 1030 (Ala. 1980)." reindictment is impermissable and subject to plea of double jeopardy".

-3-                                             (See Exhibits A+B.)

## Double Jeopardy - Indictment Fatally Flawed

The State indicted Petitioner a second time for the death of Randy McCullar. The state failed to have evidence to sustain a conviction for murder. The incompetence of counsel in advising Petitioner to change his story or statement caused prejudice and substantial aggression towards the personal rights of Petitioner. The guidance of counsel effectively precipitated the elevated indictment for 13A-5-40 (A)(C)(L) Capital Murder.

Once the "story" placed the Petitioner in the company of the other suspect (Shonda McCullar-Richards) the degree of culpability was heightened making a viable defense more difficult. The facts of prompted false statements being made by this Petitioner, and the lack of experience in trying or defending a Capital case by attorney (Donald Sandlin) caused the complete failure of a fair and impartial trial. The lack of total skills by defense attorney coupled with a poor standard of ethics precipitated a standard of attorney experties below the requirements of Strickland V. Washington. The second indictment charging Capital Murder and adding two additional elements, was clearly violations of Statue 15-8-90 and 15-8-91 Code of Alabama (1975). The complaint was absent the essential information to charge the offense. Insufficient information of the complaint created a "fatal variance" in supporting a valid indictment. Tinsley V. State, Ala. Code 13A-10-31 thru 33 "While a guilty plea waives all non-jurisdictional defects in the prior proceedings against a defendant, (Dingler V. state, 408, So. 2d.530 (Ala. 1981) a "void" indictment gives the court "No" jurisdiction to proceed against an accused and the defect of an indictment which fails to charge an offense is not waived by a plea of guilty." United States V. Meacham, 626 F. 2d. 503 (5th Cir. 1980) United States V. Hayes, 676 F. 2d. 1359 (11th Cir) certi denid 459, U.S. 1040, 103. Sct 455, 74. L. Ed. 2d. 608 (1982). The state already had a suspect arrested for Murder and upon the same complaint information, chose to indict a second time under the Murder Statue. Walker county Circuit Court misapplied the Statue of law to Petitioner's case.

Ground #4

## Ineffective Assistance of Counsel

The attorney of record coerced Petitioner to make untrue statements and to enter false information into the record. This information was used to elevate the charged offense from 13A-6-2 to 13A-5-40. The state in turn used the erroneous information to force a plea and exchange testimony to convict (Shonda McCullar Richards) for Capital Murder, 13A-5-40 (A)(A). The attorney of record Ron Sandlin had been a member of the "Alabama Bar" for only a short time. (1 yr. 1 mo.). (See attached letter). Supposedly a second counsel was in attendance, however I never talked with him. I do not believe this "Ghost" counsel participated in my defense in any shape, form, or fashion. The record is absent any documents to affirm otherwise or actions precipitated by him. The actions of counsel prejudiced Petitioner's rights and caused chances of a fair and impartial trial to be aborted. The performance of counsel was equal to that of no counsel. The counsel of record failed to act in the best interest of his client or to perform in a manner expected by law, pursuant, Strickland V. Washington 864, 466, U.S. 558, Led. 2d. 674, (1984). Counsel was not prepared to go to trial nor did he have experience necessary to competently represent this Petitioner on a Capital Indictment. Attorney Ron Sandlin knew or should have known to indict Petitioner a second time for the same offense was double jeopardy and seriously violated the Constitutional rights of 5th, 6th, 14th and 8th Amendments of the United States Constitution. A fair and impartial trial could not take place given the facts that counsel was determined to help the state gain a conviction and flagrantly cause a miscarriage of justice.

The issue are severe in nature and the circuit court refuses to even acknowledge the filings. The Petitioner previously has brought Post Conviction Petitions before the original sentencing court and met with failures to answer, respond or otherwise entertain. No hearing has been held.

Argument In support of Relief of illegal conviction and sentence
Petitioner has filed Rule #32 Post-Conviction Relief Petitions 2
times. Both times petitions were denied with 'No' hearing held.
Both times the petitions were appealed in the Alabama Criminal
Appeals Court, pursuant, the Circuit Courts 'routine' dismissals.
The Circuit Court of Walker County refuses to adjudicate any filing of
this Petitioner on the merits of the issues raised. This Petitioner is
illegally incarserated and the Court's refusal to hold a "full and fair hearing"
amounts to nothing short of "Obstruction of Justice". The second indictment
should have been enough to overturn the conviction and sentence.

The state's proof did not constitute 13A-6-2, to convict Petitioner. The idea
of elevating the indictment to Capital Murder and subsequently adding (2)
more elements (not contained in the complaint) created a variance that
precludes a lawful conviction. The conviction itself was defeated by the
elevated charges lack of evidence, and the resulting 'lesser plea" back
down to the original charge of Murder. The state wrongfully charged
Murder then Capital Murder and finally rested on the original charge in
exchange for Petitioner's testimony against Shonda McCullar Richards.
The state's district attorney violated Petitioners 5th Amend. Rights by creating
a double jeopardy issue to force testimony and secure a plea.
The Statue 15-8-90 Code of Ala. (1975) prohibits this action of 2nd indictment.
The variance between complaint, Murder indictment and Capital indictment is
of a "Material nature", containing "material elements" and proof between
13A-6-2 and 13A-5-40 (A)(4). For these reasons the Petitioner seeks
relief in the U.S. District Court. The lower court is in denial of
the true facts, circumstances, and law. The Circuit Court Judge entered
a "recusal order", the district attorney failed to respond, and after the
"Motion for Summary Judgement" was entered by Petitioner, the Judge dismissed
Petition after the time limit of Default.

-6-

## Relief Sought

The Petitioner Prays the Higher Court to entertain Habeas Corpus Petition and the Grant Relief by Overturning Conviction and Vacating Sentence thereby, the establish the freedom of an actually innocent man. The Petitioner case is Truly Extraordinary and is a manifest injustice.

## Certificate of Service

I certify that on this date I have served a True and same copy upon the Clerk of the Court, United States District Court for The Middle District of Alabama, by placing in U.S. Mail Postage paid.

#209161

Timothy J. Richard's

Timothy J. Richards

P.O. Box 150 – Dorm I-62 A

Mt. Meigs, Ala. 36057

Pursuant 28 U.S.C. and penalty of Perjury, the foregoing is true and correct to the best of my knowledge.

Grand Jury No. 47

CC-98-142

## INDICTMENT

The State of Alabama

**WALKER COUNTY**

**CIRCUIT COURT**

**14TH JUDICIAL CIRCUIT**

**March Term, 1998**

The Grand Jury of said County charge, before the finding of this indictment, TIMOTHY J. RICHARDS, whose name is otherwise unknown to the Grand Jury than as stated, did intentionally cause the death of another person RANDY MCCULLAR, by shooting him in the head with a Rifle, in violation of 13A-6-2 of the Code of Alabama, against the peace and dignity of the State of Alabama.

*Charles D. Baker*
Charles D. Baker
District Attorney

---

THE STATE OF ALABAMA
Walker County

=============================

CIRCUIT COURT

March Term, 1998

=============================

THE STATE
VS.
TIMOTHY J. RICHARDS
S.I.D. No.
D.O.A.

=============================

Indictment
MURDER

Witnesses

RALPH WILLIAMS
WCSO

JOEY VICK
WCSO

FRANK COLE
WALKER COUNTY DIST. ATTY. OFC.

*Exhibit 'A'*

INDICTMENT

CC-99-20

**THE STATE OF ALABAMA,** } **CIRCUIT COURT**
**Walker County**

No. ----122----- JANUARY ---------------- Term, 19--99--

### The Grand Jury of said County charge that before the finding of this Indictment

Timothy J. Richards, whose name is otherwise unknown to the Grand Jury, other than as stated, did intentionally cause the death of Randy Allen McCullar by shooting the said Randy Allen McCullar with a gun, to-wit: a rifle and/or by causing to be shot the said Randy Allen McCullar and/or aiding and abetting another person, to-wit: Shonda Nicole Johnson, aka, Shonda Richards, aka, Shonda McCullar, aka, Shonda McIntyre, in shooting the said Randy Allen McCullar, when the said Randy Allen McCullar had testified before a Grand Jury, to-wit: the June 1997 Term of the Grand Jury for the 25th Judicial Circuit, Grand Jury Docket Number 58, Criminal Case Number CC-97-76 on behalf of the State of Alabama in the State of Alabama vs. Shonda Nicole McIntyre and the aforesaid murder did stem from, was caused by or was related to the capacity or role of Randy Allen McCullar as a witness in said Grand Jury, to-wit: for the purpose of causing the death of Randy Allen McCullar who had been a witness in said Grand Jury that returned an Indictment in the State of Alabama vs. Shonda Nicole McIntyre, CC-97-76 in the 25th Judicial Circuit, to prevent him from testifying on behalf of the State of Alabama in further criminal proceedings in said case, in violation of Section 13A-5-40(a)(14) of the Code of Alabama, against the peace and dignity of the State of Alabama.

THE STATE OF ALABAMA,
Walker County

No. ---------------- Term, 19 ---

The Grand Jury of said County charge that before the finding of this Indictment

**against the peace and dignity of the State of Alabama.**

*Charles D. Baker*
**District Attorney of 14th Judicial Circuit**

Exhibit 'B'    48



THE STATE OF ALABAMA
WALKER COUNTY

Circuit Court

JANUARY        Term, 19    99

THE STATE
vs.

TIMOTHY J. RICHARDS

INDICTMENT            Present ¹

WITNESSES

JOEY VICK

NEAL COOK

A TRUE BILL:

_____
Grand Jury Foreman

Presented in open Court to the presiding judge
by the Foreman of the Grand Jury in the presence
of _____ other members of the
Grand Jury, this

2nd day of _____ 19.99

_____ Clerk

The Defendant will be admitted to bail on giving
bond with security to be approved by the Sheriff
in the sum of _____ Dollars.

_____

Filed in open Court

_____ 19.99

FILED

FEB 02 1999

-B2-
23

COMPLAINT AND WARRANT                    98-03-020

DISTRICT COURT OF WALKER COUNTY

## THE STATE OF ALABAMA
## WALKER COUNTY

Date: <u>16th Day of March 1998</u>

Before me, __Janis F. Morgan__, Circuit Clerk or Magistrate of the District Court in and for said County, personally appeared <u>JOEY VICK</u> who being duly sworn deposes and says that he/she has probable cause for believing and does believe that within twelve months before making this affidavit and in said County,

TIMOTHY J. RICHARDS, did intentionally cause the death of another person RANDY MCCULLAR, by shooting him in the head with a Rifle, in violation of 13A-6-2 of the Code of Alabama, against the peace and dignity of the State of Alabama.

x _Joey Vick_

Sworn to and subscribed before me this <u>16th</u> day of <u>March</u> 19<u>98</u>

_Janis J. Morgan_
Circuit Clerk or Magistrate

---

**WARRANT OF ARREST**
The State of Alabama, Walker County

To Any Lawful Officer of the State of Alabama:
   You are hereby commanded to arrest TIMOTHY J. RICHARDS

and bring him before the <u>Circuit Court/District Court</u> of Walker County, on the

_____ day of _____, 19_____ next to answer the State of Alabama on a charge of

MURDER

Preferred by   JOEY VICK

   Witness my hand this the 16th day of March, 1998

_Janis J. Morgan_
Circuit Clerk or Magistrte

Exhibit 'C'

CV07-324

## In The Circuit Court for Walker

| County | Alabama |
|---|---|
| Timothy J. Richards #209161 Defendant; | CC-99-020.61 |
| V. | Evidentiary Hearing Requested |
| State of Alabama          Respondent, | |

Petition For Writ of Habeas Corpus pursurt, Code of Alabama (1975) *13A-5-54*
Statue 12-A Title 14-4-41 Art. 3 Sect. (H) *Statue 15-8-90 and 15-8-91*
*U.S.C.A. #5*

Comes now the Petitioner (Timothy J. Richards), pro-se, in the above styled cause,
Petitioner moves the Honorable Court to recognize Jurisdiction of the instant case
and entertain the case due to subject matter. The essence of the case is
a "Truly Extraordinary Case" and the Petitioner is actually innocent, which represents
a fundamental miscarriage of Justice.
As required Petitioner brings the case by way of facts and laws.

As follows;

(A) The Complaint brought was illegal upon its face and unauthorized by law.

(B) Unauthorized Complaint - "Absence of Jurisdiction"

(C) Illegality upon Proceedings

(D) Charging by void indictment - "State Statue Misapplied"

(E) Void Indictment - "State Statue misapplied 13A-5-40(A)(14)"

(F) Ineffective Assistance of Counsel

(G) Plain Error - Abuse of Descretion - Ineffective Counsel

(H) Argument in support of Illegal Sentence

(I) Unlawful incarseration due to illegal conviction

(J) Exhibits, Affidavit of Timothy J. Richards, - Indictment - Complaint -
    Warrant - 13A-6-2 Murder - Warrant - No Complaint - 13A-5-40(A)(14) Capital
    Murder - Letter, Alabama State Bar, Membership Department, Ronald Sandlin
    admitted to membership, April 25th, 1997.

The Petitioner's 6th Amendment Rights to a fair and impartial trial were aborted from
the reindictment of 13A-5-40(A)(14). The statue of law
was misapplied without evidence and a complaint supporting the charge.

FILED
AUG 22 2007
*Susan Odom*
CIRCUIT CLERK - WALKER COUNTY, AL

Exhibit 'D'

Issue                    Illegality upon the face of proceedings - "Probable Cause"
(A)

It is clear from the record put before this court (Exhibit 'B') that the complaint was brought by a
Walker County policeman, (Joey Vick). In determining "Probable Cause" the employee or
magistrate must be neutral, detached and capable of determining "Probable Cause". For a
policeman to be the complaintant and determine Probable Cause is clearly a violation of the
United States Constitution's 4th Amendment. Citing;    Gerald Shadwick V. City of Tampa,
407 U.S. 345, 92 Sct. 2119 32 Led. 2d. 783 (6-19-1972). "Someone independent of police and
prosecution must determine probable cause for issuance of warrant." U.S.C.A. Const. Amend. 4.
Petitioner states, the same person who brought the complaint, also, investigated the case...police
officer Joey Vick. At best a conflict of interest regarding Joey Vick's duties, and a classic
miscarriage of justice for Walker County Circuit Court.    Quoting;  Shadwick@ 92, Sct. 2119,
Key cite Notes' [5]      "Inferences of Probable Cause are required to be drawn by neutral and
detached magistrate, instead of by officer engaged in the often competitive enterprise of ferreting
out crime." U.S.C.A. Const. Amend.4. (Westlaw).
Petitioner states, the police investigator caused the complaint to be 'void' and the clerk did not
determine "Probable Cause". Instead the clerk only certified an unauthorized complaint certifying
it's voidness. The document is illegal and produced an illegal arrest warrant.  The same illegal
information on the complaint produced a fatally flawed, void indictment. Although the state chose
to dismiss the original indictment and reindict, without consent of this Petitioner, the Capital Murder
indictment  was  a violation of   5th Amend. U.S.C. double jeopardy clause.        The faulty complaint
was the work of over -zealous county employees engaged in the political act of
"Wanton prosecution" during an election year and malicious prosecution resulted from illegal
acts that could not have transpired with help from a competent, experienced attorney. Ron Sandlin
had approximately 1 year experience in Alabama law.

Issue                 Argument In Support of - Unauthorized Complaint
(A)

The Petitioner was recipient of a Complaint and warrant issued by the Clerk of Walker County,
Circuit Court on Marth 26th, 1998, for "Murder" 13A-6-2 Code of Alabama. Janis F. Morgan allegedly
deposed Joey Vick, (a Walker County deputy) on March 18th 1998. Joey Vick allegedly gave a
sworn statement containing "Personal Knowledge" creating "Probable Cause". Petitioner asserts,
at 'No' time whatsoever did Officer Vick secure any form of 'Personal Knowledge'. Officer Vick did
Not' witness the events, nor hear the events, which constitute the offense (a shooting), nor was his
duty as a policeman, to bring forth a complaint for Murder 13A-6-2. Joey Vick's duties as a
policeman ended at filing a report. Filing a report does not qualify Mr. Vick as a "complaintant" nor
does it qualify him as a sworn witness of an offense. Mr. Vick failed to witness a crime or posess
Personal Knowledge, his duties were only of a policeman in a policeman's capacity. Vick exceeded
his authority as a policeman and initiated an erroneous complaint for Murder. The clerk, Janis F.
Morgan furthermore, attempted to  certify that erroneous complaint by placing her unauthorized
signature and rubber stamp, constituting fraud by a county employee. The Clerk of Walker County
does not posess the necessary authority to issue a complaint or warrant for a felony offense. This
being a Capital Case, the laws governing are explicit. Citing; as Shadwick v City of Tampa, 92,
S. Ct. 2119, 32 L. Ed. 2d, 783 (1972). "The Supreme Court noted; that the Clerk's authority to
issue warrants extended "only" to arrests for violations of municipal ordinances; that the clerks had

{1}

No' authority to issue only search warrants or arrest warrants, for felonies or misdemeanors in violations of State law."In essence, no victim or complaintant appeared before a magistrate or judge and under oath gave truthful sworn statement of evidence, information or testimony, to any fact that would constitute 13A-5-40(A) (14) Capital Murder.

Issue (B)               Unauthorized Complaint - "Absence of Jurisdiction"

The Petitioner contends the Clerk of Court is a non-authorized employee, failing to meet the requirements of Alabama Law. It is well settled in Alabama, failures to adhere strictly to Alabama Rules of Judicial Administration and Constitutional Amendment #328 (Judicial Article) 6.11 deprives the state of a lawful arrest warrant. Producing a complaint and warrant by the unauthorized employee, not only violated the 1901 Constitution of Alabama, Amendment #328, Judicial Article 6.11, but caused the Court to be "absent" Jurisdiction and actions simply "void". Failing to initiate a "valid" complaint (prerequisite to warrant) by an official authorized by law, causes serious errors of a "Jurisdictional Nature, making any actions  or judgements "null and void". In fact, the trial court is lacking any authority to proceed. On the subject of jurisdiction the Petitioner asserts Looney v State, 797, So. 2d. 429, (Ala. Crim. App. 2001), "It is mandatory that a formal accusation by indictment or information or complaint made in the manner prescribed by law and supported by Oath, is prerequisite to the Trial Courts failure to obtain Jurisdiction. No legal complaint was manu-factured, and No legal Jurisdiction existed for the Trial Court to proceed in prosecution for 13A-5-40 (A) (14), Capital Murder. The Trial Court exceeded proper authority by adjudication of an erroneously indicted defendant absent legal documents necessary pursuant, Statue 15-15-20.1 Code of Alabama (1975), and Alabama Rule of Judicial Administration, Rule 18 (2) (A) (3). The Petitioner request this Court take "Judicial Notice" of the 'complaint', warrant, and indictment, thereby, to recognize said illegal documents as defined clearly by Alabama laws and Constitutions of Alabama 1901 and U.S.C. 4th, 5th, 6th and 14th. Direct evidence exists, to prove beyond a reasonable doubt, of illegality on record.

Issue            Unauthorized Complaint, Gives rise to illegality upon proceedings
(C)

The Petitioner cites, the complaint is illegal and the charge illegally brought forth unto this Court. the indictment fails to bear day, date and time of offense all are "material" to a sufficient indictment. (Exhibit 'A') The complaint is manufactured by Janis F. Morgan (a clerk) acting in the roll of magistrate or Judge which is unauthorized and illegal. (Exhibit 'B') The document shows Janis Morgan duly swore, Joey Vick (a policeman), which means "under oath" which she does not posess nor have judicial authority to give or receive in a felony case (Murder 13A-6-2) in the State of Alabama, citing, Kelly v State, 55, Ala. App. 402, 316, So. 2d.233, (1975) "Where a warrant was 'not' signed by the proper 'magistrate' was 'void', and search and seizures were unauthorized and illegal", also, 15-15-1, a magistrate must have a license to practice law to sign an arrest warrant. (Exhibit C), bears the signature of Vinita B. Thompson whom was a "clerk". It is clear to the Petitioner she assumed'  she was acting as a duly licensed magistrate. Evidence shows Thompson marked out the word "Judge" on the Writ of Arrest - Grand Jury Indictment form. (Exhibit 'C') This form allegedly was prepared in person by Thompson on Feb. 3, 1999, however the penmanship of all (3) signatures was written by the same person… Vinita B. Thompson.

{2}

A Judge or magistrate was required to authorize and sign the warrant. The warrant is clearly...illegal upon its face and the policeman and Thompson both were in error creating a Perjury issue regarding "Probable Cause". (Exhibit 'C', original document) The case as presented to the Court was a Constitutional miscarriage of Justice. From the beginning, the charge was brought illegally and only intimidation and cohercion sustained a conviction. Ineffective counsel, with No trial court experience, caused <u>6th Amendment U.S.C.</u> violations to the point of serious prejudice of defendant's personal rights, and a substantial likelihood of conviction.

Issue          <u>Charging by "Void Indictment" - State Statue Misapplied</u>
(D)

The Petitioner contends the indictment is fatally-flawed and void. Failing to contain mandatory material elements and factual circumstances that would support a viable defense, the indictment, allegedly from Februry 2nd, 1999 is A 'carbon copy' of the original indictment of 1998. Both fail to contain day, date, and time of the incident. It is well settled law in Alabama ; day, date, and time are "Material" insofar as framing a legally sufficient indictment. The indictment bears serious "Defects upon it's face that undermine efforts to mount a legal defense and fails to state "True Circumstances or information", that constitutionally are detrimental regarding "Real Notice" and "Reliance". Petitioner relies upon well established laws , <u>Ex Parte Lewis, *11, So. 2d. 485, 487, (Ala. Supreme Ct. 2001)</u> "The failure to allege an essential element of the charged offense is a "Jurisdictional Defect".

Petitioner argues the complaint is also "Jurisdictionally Defective" and does not meet the test or specifications of a legal, valid complaint. Also, failing to contain day, date and time which automatically prejudiced the ability for Petitioner to manufacture a viable defense strategy. Citing; <u>Driskil v. State 376, so. 2d. 678, 679 (Ala. Supreme Ct. 1979),</u> A Criminal complaint which fails to include an essential element of the Statue, cannot support a conviction, <u>"U.S.v. London, 550, F 2d. 206, 211 (5th cir. 1977)".</u> An indictment that fails to allege each material element of an offense fails to charge that offense. "Petitioner asserts, the issue of jurisdiction is questionable, due to indictments' failure to specify, date, time, or where the offense happened. <u>Statue 15-8-30."</u> When indictment fails to specify time when offense was commited, and statue defining offense was amended charging nature of crime from felony to misdemeanor, so that there was a question as to the Nature of the offense in indictment, indictment is "fatally defective" for failing to specify time. <u>Bibb v. State. 83 Ala. 3, so 711        (1888)</u>

Issue          <u>"Void Indictment - State Statue Misapplied - 13A-5-40 (A) (14)</u>
(E)

Petitioner states, obviously the reindictment charge of <u>Capital Murder, 13A-5-40 (A) (14)</u> contains two (2) elements more than the original indictment of <u>13A-6-2 Murder.</u> Without doubt, the offense was elevated using the "same" original complaint's description of events. However, the original complaint failed to charge "Capital Murder" 13A-5-40 (A) (14). (See Exhibit 'B'). The variance between the complaint and the indictment for "Capital Murder" is so significant as to represent "material nature" causing "Material Defect" of the charging instrument. <u>(15-8-90 Vode of Ala.)</u> The complaints proof did not sustain a conviction for Capital Murder, nor the indictment contain valid elements of Capital Murder supported by the complaints wording description.

{3}

The reindictment constitutes "double jeopardy" in its very charging. Quote; "If the variance between an avement in an indictment and the proof precludes a sustainable conviction, then it is a "material variance" and reindictment pursuant to the amendment statues, this section and 15-8-91 is permissable if the variance is of such an "immaterial nature" as not to defeat the sustainability of defendant's conviction, reindictment is impermissable and subject to defendant's plea of "double jeopardy". (15-8-90) and "Allred v State, 393, so. 2d. 1030 (Ala. 1980). Double Jeopardy attached at the moment the state "added" two (2) new elements to the new indictment that were not contained in the complaint. Quoting; 15-8-91 Code of Ala. (1975). Reindictments within the contemplation of the amendment statues 15-8-90 and 15-8-91, are prosecutions for offenses not sustainable by the evidence adduced under the original indictment, ie. For a different offense, (Allred). Petitioner contends, the evidence adduced under the original indictment failed to sustain a conviction for Capital Murder, 13A-5-40 (A) (14) and Murder 13A-6-2. It was "Plain Error" to adduce "greater evidence to charge greater offense, when another person committed the crime, and complaint supported neither.

Issue      **Strickland v. Washington, 864, 466 U.S. 558, Led. 2d, 674, (1984)**
(F)                        Augument in Support of Ineffective Counsel

Petitioner asserts there is false infromation entered into the record. The information was manufactured by attorney of record Ronald Sandlin. Through indimidation and coerced statement, the attorney Ronald Sandlin helped the state secure a conviction of an innocent man. The statements by Peitioner were obtained by Police without a lawyer present. The police failed to read Miranda Rights and when asked where my attorney was, (Ronald Sandlin) told me, "You don't need an attorney" (investigator Joey Vick). When attorney "Sandlin" came to consult with Tim Richards, this Petitioner during the time being charged with Murder 13A-6-2, he acted very strange prior to talking. First, he went around the room and looked under the table, at the light fixture, and at the chairs in the room. Next, he ran his hand over the door facing overhead while looking directly at his client, (Petitioner). He obviously was searching the room for a microphone or listening device. He walked up to "Richards", bent down face to face and spoke "you've got to put her" Shonda Johnson Richards" in the car with you." "That's the only way I can help you Tim!" He said for me to change my statement, make another statement, putting "Shonda Johnson Richards" in the same car with me. She was not in the car with me. In fact, she drove my car that night, a 1985 Nissan Maxima and left me her car, a 1993 Pontiac Grand Am. The unethical act of injecting false information into the statement of Petitioner's was ineffective counsel that prejudiced the personal rights of Petitioner's life and liberty. This caused mental stress for Petitioner and critically undermined the actual innocence of a man relying upon competence of counsel to protect his Constitutional Rights. Petitioner complied with counsel's demands. However, this exposed Petitioner to greater cupability and caused the offense to be elevated. The indictment was dismissed and Petitioner was reindicted for Capital Murder as a result of the instructions forced by attorney Ronald Sandlin. Sandlin's performance was equal to "No" representation. He failed to carry out actions to constitute an attorney acting competently and constitutionally trained in criminal law. This represents unconstit-utional attorney performance under "Strickland."

Issue      Argument of Plain Error - Abuse of Descretion - Ineffective Counsel
(G)

Petitioner was initially arrested on March 13th 1998 for Murder 13A-6-2. Petitioner was arrested

again on February 4 1999 for <u>Capital Murder 13A-5-40 (A) (14).</u> Attorney Ronald Sandlin was appointed on the first charge and remained the lead attorney throughout the record.

Ronald Sandlin was admitted to the Alabama State Bar on April 25th 1997. He had been licensed to practice in Alabama 1 year and 1 month when appointed. This clearly is a violation of Alabama law. Citing; <u>13A-5-54,</u> "Each person "indicted" for an offense punishable under the provisions of this article (capital murder) who is not able to afford legal counsel must be provided with court appointed counsel having "NO" less than five years prior experience in the active practice of criminal law." The appointed counsel failed to meet the mandatory requirements of the <u>Criminal Code 13A.</u> Supposedly there was a second appointed counsel with more knowledge and experience, however, his presence was unknown to this Petitioner and at No time did he confer or interview this Petitioner. There infact, was a complete failure of counsel to investigate the record or the crime and to prepare a defense in this case. Petitioner was questioned by Walker County Sheriff's investigators to the point of a Mental Crisis. Petitioner checked in voluntarily at a hospital due to stress, intimidation, and constant badgering by the Walker County Sheriff's investigators, (Montclair) Also, Shonda Johnson had twice threatened to kill this Petitioner and Sheriff John Mark Tirey insisted that Petitioner leave Walker County for his own safety. The Court did harm by appointing Ronald Sandlin. Petitioner received no kind of protection from the police or the upcoming "capital case" from the attorney of record. Quite to the contrary, he seemed intent to help the state resolve their case. Ron Sandlin could not answer questions about the case, but entered a motion for mental evaluation to the court trying to claim that action. Petitioner was hospitalized 3 days before Sandlin found out. No court action was required. It was voluntary by Petitioner.

Issue            <u>Argument in Support of Illegal Sentence</u>
(H)

Having been indicted for <u>13A-6-2</u> and being reindicted on <u>13A-5-40 (A) (14),</u> the Petitioner was deprived the right to a viable defense. Never having knowledge of the elements of the Capital Murder indictment, the Petitioner could not possibly enter a knowing, intelligent or voluntary plea of guilty. The sentencing colloquy (transcript), proves beyond a doubt the Petitioner was absent the explanation of "Material elements" of <u>Murder 13A-6-2</u> (Exhibit 'D') Page #2, line 18, 19 of the colloquy, "and by entering a plea of guilty your admitting all the "Material elements" of the offense? Judge Brotherton failed to inform the Petitioner of the mandatory elements and that Petitioner had a Constitutional Right of a sitting Jury present for the plea and sentencing hearing.
(Colloquy page #2, lines 12 and 13) The right to a jury trial was relinquished, however, at no time did the Petitioner waive his rights for a sitting jury during this proceeding resulting from a "Capital Indictment". Petitioner was expecting, the aggravating and mitigating circumstances to be heard by a jury.
This sentencing was a direct result of a Capital Murder indictment for which was a second indictment. The first being <u>Murder 13A-6-2,</u> the second being <u>13A5-40 (A) (14).</u> No elements of Murder 13A-6-2 were consumated by this Petitioner. As established in trial, Shonda "McCullar" Johnson murdered the victim, Randy McCullar, her former husband. The Petitioner was actually innocent of <u>13A-6-2</u> and furthermore could not have consumated the material elements of <u>Capital Murder 13A-5-40 (A) (14)</u> as the killing took place "before" Petitioner arrived at the scene. The reindictment from 13A-6-2 to <u>13A-5-40 (A) (14)</u> was a violation of this Petitioner's <u>5th Amendment Rights</u> to be free from duplicative prosecution and "Double Jeopardy" is prevalent. 15-8-90 and 15-8-91 prohibit this indictment even if consent was given by Petitioner. For these reasons, facts and laws the sentence of Life is an illegal sentence. The Court should consider the conviction and sentence "void".

{5}

Issue    <u>Unlawful Incarceration due to illegal Conviction - Excess Jurisdiction</u>
(I)

Petitioner contends the reindictment for <u>13A-5-40 (A) (14)</u> was illegal and unauthorized. The indictment failed to be supported by a valid lawful complaint. The verification of evidence to support Capital Murder was non existent. There were no actions performed by Petitioner to constitute the elements of the offense. Reindictment of Capital Murder was a violation of the <u>5th Amendment U.S.C.</u> the clause prohibiting a citizen, "twice put in" jeopardy for the same offense. Also, the second indictment, for Capital Murder rested upon the "same elements" of the first original invalid complaint, which fails to support Murder or Capital Murder. The state used Capital Murder to intimidate and force a plea that resulted in conviction for the first charge of <u>Murder 13A-6-2 that</u> had been dismissed by the state acting the equivalent of aquittal. Logic dictates if the State failed to produce evidence supporting original charge of Murder, it would also be impossible to constitute Capital Murder, since the same indictment (Capital Murder) rested upon the complaint, lack of evidence, and unconsumated elements of Murder, plus (2) additional added elements, <u>13A-5-40-(A) (14).</u> Randy McCullar was dead upon my arrival. I did not exit my vehicle. I did not participate in the offense. I did not have knowledge of intent. I was alone in the vehicle. She was driving my 1985 Nissan Mixima, dark blue in color. She left her car, 1993 Pontiac Grand Am, bright "candy apple red" in color at home and I was driving it. She drove my car and left her car at home for a reason, it was intentional. I contend, the reindictment for Capital Murder was unconstitutional and the state misapplied the statue in violation of <u>U.S.C. 5th Amendment's</u> Double Jeopardy clause and <u>15-8-90, 15-8-91 Code of Alabama (1975.)</u> Thereby the writ for Habeas Corpus should be granted by this Court to relief requested and prevent further obstruction of justice in U.S. District Court. A serious Constitutional Defect invalidates the proceeding of charging and prosecution, and that fact appears on the face of the information and complaint.

## <u>Failure of Trial Court to Obtain Jurisdiction</u>

The Trial Court failed to obtain Jurisdiction through the prosecution of an "illegal complaint", and a "void indictment". To proceed against the defendant with this statue of law <u>13A-5-40 (A) (14)</u> was unconstitutional and the detention for which is grounds for relief on Habeas Corpus, after conviction. Citing; <u>Barton v. City of Bessemer 27, Ala. App. 413; 173 So. 621, Ala. App. Lexis 188.</u> "But where a Constitutional defect invalidates the proceeding and that fact appears on the face of the information or complaint, the writ will be "granted" and the prisoner discharged." "For if the court has acted without jurisdiction, it's judgements or order is absolutely "void", even on collateral attack". The foregoing statement of the law is supported universally by courts of last resort all over the <u>United States,</u> as collated in note <u>1`5, 29 corpus juris, 30. The rule is sustained by the U.S. Supreme Court,</u> in most of the states, and especially so in the <u>State of Alabama, Ex Parte State, 205 Ala. 677, 88 So. 899, State v Thurman, 17, Ala. App. 656, 88, So. 61; Fourment v. State, 155 Ala. 109, 46, So. 266; Ex Parte</u> Burnett, 30, Ala. 461. The Petitioner is illegally incarcerated both by unconstitutional errors of the State and his actual innocence. In this courts authority lies justice and freedom, in consideration the Petitioner request the Court consider, Cornell v. Texas U.S. 513, 120, Sct. 1620, <u>146 Led. 2d 577 (2000)."</u>There is plainly a fundamental fairness interest, even apart from any claim of reliance or Notice, in having the government abide by the rules of law it establishes to govern the circumstances, under which it can deprive a person of His/Her Liberty or Life". ID@ 533,120,Sct. 1620. The Petitioner request the Court to consider the fairness of "<u>Cornell</u>" versus being incarcerated by a plea agreement that should be simply void and aborted. For these reasons of fact and laws the Habeas Corpus Writ should issue and the freedom of an innocent man re-established by the original sentencing court.

## Prayer        For        Relief

The Petitioner does Pray the Court to recognize the "Truly Extraordinary Case" and the Unconstitutional Circumstances by which it was manufactured. Furthermore, to overturn the Conviction and "Void" the sentence as if never imposed. To allow dignity and justice to prevail by shedding the light of True Justice upon a miscarriage that was constituted years ago. In the alternative to grant an Evidentiary Hearing, whereby, Petitioner, with competent counsel, may argue the truth and facts more fully.

## Evidentiary Hearing Requested

{7}

## Certificate   of   Service

I certify that I have served a True and Same Copy, complete with Exhibits upon the
Clerk of the Court for Walker County by placing in the U.S. Mail postsage paid,

Upon this date:

Sworn to and subscribed before me on _____day of _____2007.

_____ Notary:

_____

_____

My Commission Expires

*Timothy J. Richards*
*Pro. se*
*209161   I-62A*
*P.O. Box 150*
*Mt. Meigs, Al. 36057*

{8}



## ALABAMA STATE BAR

415 Dexter Avenue ▫ Post Office Box 671 ▫ Montgomery, Alabama 36101
Telephone: 334 / 269-1515 ▫ Fax: 334 / 261-6310
www.alabar.org

January 29, 2007

Timothy J. Richards
AIS #209161   I1062A
P. O. Box 150
Mt. Meigs, AL  36057

Dear Mr. Richards:

Ronald P. Sandlin was admitted to the Alabama State Bar on April 25, 1997.
His address is:

2016 10th Ave S,. Ste 101
Birmingham, AL  35205

Sincerely,

The Membership Department



LAWYERS RENDER SERVICE



Exhibit    E'

```
ʔ S309                 ALABAMA JUDICIAL DATA CENTER
                        WALKER        COUNTY

                          TRANSMITTAL
                                              CV 2007 000324.00
                                          HOYT M ELLIOTT
|-----------------------------------------------------------------|
|                                                                 |
|           IN THE CIRCUIT   COURT OF WALKER        COUNTY        |
|                                                                 |
|    TIMOTHY J. RICHARDS V. STATE OF ALABAMA                      |
|                                                                 |
|                                                                 |
|                                                                 |
| TO: RICHARDS TIMOTHY J.            ATTORNEY: *** PRO SE ***     |
|     #209161 DORM I-62-A                                         |
|     P. O. BOX 150                                               |
|     MOUNT MEIGS     ,AL  36057-0000                             |
|                                                                 |
|                                                                 |
|                                                                 |
|                                                                 |
|-----------------------------------------------------------------|
|                                                                 |
|                                                                 |
|                                                                 |
|                                                                 |
|                                                                 |
|                                                                 |
|                                                                 |
|                                                                 |
|                                                                 |
|        NOTICE DATE: 10/01/2007        CLERK:SUSAN ODOM          |
|                                             CIRCUIT CLERK       |
|                                             JASPER  AL   35502  |
|                                             (205)384-7268       |
|                                                                 |
|-----------------------------------------------------------------|
OPERATOR: DEM
PREPARED: 10/01/2007
```

*- Exhibits - (3)*

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

STATE OF ALABAMA,                    )

      PLAINTIFF,                      )

VS                                   )     CASE NO. CV-07-324

TIMOTHY RICHRDS,

      DEFENDANT.                      )

**FILED**

SEP 0 6 2007

*Susan Odom*
CIRCUIT CLERK - WALKER COUNTY, AL

## ORDER OF RECUSAL

Comes now the undersigned, H. Douglas Farris, Jr., as Judge of the Fourteenth Judicial Circuit, and enters this RECUSAL from any proceedings in this action.

The Clerk of the Court is directed to present this file to the Presiding Judge of this Circuit for reassignment.

DONE AND ORDERED, this 4th day of September, 2007.

H. Douglas Farris, Jr.
Circuit Judge

I

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

STATE OF ALABAMA,                    )

      PLAINTIFF,                    )

VS                                   )      CASE NO. CV-07-324

TIMOTHY RICHRDS,                     **FILED**

      DEFENDANT.                    )      SEP 06 2007

*Susan Odom*
CIRCUIT CLERK - WALKER COUNTY, AL

## ORDER OF REASSIGNMENT

     This case is hereby assigned to Hon. Hoyt Elliott,

Circuit Judge.

     DONE AND ORDERED, this 4th day of September, 2007.

                       *Jerry K. Selman*

                    Jerry K. Selman
                Presiding Circuit Judge

Copies to:
     All attorneys of record.

## HAS BEEN SCANNED

### IN THE CIRCUIT COURT FOR WALKER COUNTY, ALABAMA

| | | |
|---|---|---|
| TIMOTHY J. RICHARDS, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| v. | ) | Case No. CV 07-324 |
| | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

### ORDER

This Court, having read and understood the Petitioner Timothy J. Richards' Petition for Writ of Habeas Corpus hereby **DISMISSES** said Petition on the grounds that it is an improper vehicle for reviewing the previous judgment under Section 15-21-23, Ala. R. Crim. P.

This Court, having also read and evaluated the merits of the Petition for Writ of Habeas Corpus by treating it as a Petition for Post-Conviction Relief under Rule 32 of the Alabama Rules of Criminal Procedure, is of the opinion the issues contained therein are without merit.  It is, therefore, **DISMISSED** on these additional grounds.

Therefore, it is the **Judgment, Order and Decree** of this Court that the said Petition be **DISMISSED**.

Ordered this the ~~28TH~~ day of September, 2007.

_Hoyt Elliott_
Judge Hoyt M. Elliott,
Circuit Judge

CC: T RICHARDS
     D.A.

## FILED

SEP 2 8 2007

_Susan Odom_
CIRCUIT CLERK - WALKER COUNTY, AL.

III

Issue #
(J.)

Affidavit of Timothy J. Richards - Case # CC-99-020.61

I, Timothy J. Richards being over the age of nineteen years do hereby, give this sworn statement voluntarily and truthfully. The statement is a truthful, factual, accounting of the incident regarding the death of Randy McCullar. (case # CC-99-020.61).

On November 30, 1998 my wife, Shonda Nicole (Johnson) Richards left our home and went out by herself in her own vehicle, a 1985 Nissan Maxima. We had been having a minor argument about going out or staying home. A few minutes after she left I left to try and reconcile our relationship. I drove around until I spotted her car at the usual place, the B.C. Lounge. It was pouring down rain and I rode through the parking lot. I noticed she was in her car. I tried to get her to come home with me and she refused. She said, "somebody has to keep an eye on Randy McCullar." At that point I noticed she was looking straight at his car. He was not in the car but was in the bar drinking as I later learned. I did not know she had a gun or intended to use it. I had no knowledge that she would follow him home. I begged

( Exhibit )        -1-

her once again to come home with me and she just cursed me and said, "get out of my life." I was hurt emotionally and angry so I left the parking lot and had intended to drive home. I decided to go back and try again to calm her down and work things out, after all she was my wife and I did love her.

I returned to the parking lot of the B.C. Lounge and seen she had left. I also, seen Randy McCullars car was gone. I thought she might have went home with him, so I drove like I was going to where he lived. A few minutes later on highway 195 I seen Harmony Baptist Church, it was still raining fairly hard. I saw Randy McCullars car parked in the parking lot and Shonda's car sitting along side facing it. Randy McCullar was laying on the ground and I thought he could be dead. I immediately started turning my car around. At that point Shonda saw me and also turned around. She had shot Randy and killed him a few minutes before I arrived. I could see her in my rearview mirror following me. I went

-2-

straight home. She tried to make me go with her to dispose of the gun. I did not, she threatened to kill me if I ever told this story. This is the true story of the events that the police did not want to hear, nor allow me to tell.

All the events described are a true and factual account of the events related to the death of Randy M^c Cullar. I have wanted for almost 8 years to be able to clear my mind and heart. I in no way participated in Randy M^c Cullar's death and had I been a few minutes sooner, would have tried to save his life by stopping Shonda from shooting him. I did not know she had the gun till after the deed was done.

The Walker County Sheriffs Department questioned me four (4) times over a period of a few months. Each time they intimidated me to answer their way and go along with their statements, not to be allowed to tell my story. I told them what they wanted to hear, I told Frank Cole, "you don't want the truth, you just want me to say what you want." This is the way

-3-

the investigation was conducted and I could not, understand their motives in 1998. Today, I understand that I was used as a pawn to gain the conviction of Shonda Johnson and I don't believe Walker County had any reason to prosecute me for Murder 13A-6-2, let alone Capital Murder 13A-5-40(A)(14), especially since another person committed the overt acts of the crime fullfilling the elements of the offense.

Timothy J. Richards

Done this date
Nov. 5, 2007

Timothy J. Richards
#209161  I-62A
P.O. Box 150
Mt. Meigs, Al. 36057

-4-